IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RACHEL CARPENTER,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-686 |
| **COLONIAL MGMT. GROUP, LP,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court are a sealed, joint motion for order approving settlement (ECF No. 14) and a joint motion to seal the preceding motion (ECF No. 15). Both will be denied for the reasons stated below. The motion for approval (ECF No. 14) will remain sealed for fourteen days.

On March 5, 2012, Rachel Carpenter filed her complaint in this Court against Colonial Management Group, L.P. t/a Hagerstown Treatment Center ("Colonial"). (ECF No. 1.) In her complaint, Carpenter alleged she had been an employee of Colonial in Hagerstown, Maryland, at Colonial's opiate addiction treatment facility. She further alleged that she and similarly situated current and former employees of Colonial were entitled to unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because Colonial had improperly classified Carpenter and others as "exempt" employees when they were nonexempt employees and had failed and refused to pay Carpenter and others similarly situated overtime for hours worked in excess of 40 hours per week. She alleged that she was not properly

compensated beginning October 2005.  Of particular importance, Carpenter alleged the following:

> There are numerous other similarly situated employees and former employees of Colonial who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court Supervised Notice of the present lawsuit and the opportunity to join this lawsuit.  Those similarly situated employees and former employees are readily known, identifiable and locatable by Colonial.

(Compl. ¶ 28.)

Colonial's answer denied the allegations regarding unpaid overtime compensation. (ECF No. 6.)  At the Court's initial scheduling conference, the parties requested reference to a magistrate judge for a settlement conference, and the order of reference was issued. (ECF No. 10.) Following the settlement conference, the Court was advised that the parties had negotiated a settlement; accordingly, the Court ordered the parties to submit a detailed, joint request for approval of the parties' settlement agreement and referred the parties to *Lane v. Ko-Me, LLC*, Civ. No. DKC-10-2261, 2011 WL 3880427 (D. Md. Aug. 31, 2011), for guidance in fashioning their request. (ECF No. 13.) In response, the parties jointly submitted, under seal, a motion for an order approving their settlement agreement (ECF No. 14) and a motion to seal their motion for approval (ECF No. 15).

The posture of this case is strikingly similar to the case of *Kianpour v. Restaurant Zone, Inc.*, Civ. No. DKC-11-0802, 2011 WL 3880463 (D. Md. Aug. 30, 2011), which was also an FLSA case seeking unpaid overtime compensation. The parties in *Kianpour* jointly submitted a motion to seal a joint motion for approval of settlement, which they separately filed under seal. *Id.* at *1. Judge Chasanow denied the motion to seal because the parties failed to rebut the presumption of public access to FLSA settlements.  *Id.* at *3.  This presumption is well recognized by the federal district courts. *See, e.g.*, *Bouzzi v. F & J Pine Restaurant, LLC*, Civ.

No. 10-0457 (DLI) (CLP), 2012 WL 85137, at *3 (E.D. N.Y. Jan. 11, 2012) (FLSA settlement agreement is a judicial document to which presumption of public access attaches); *Taylor v. AFS Techs., Inc.*, Civ. No. 09-2567-PHX-DGC, 2010 WL 2079750, at *2 (D. Ariz. May 24, 2010) (recognizing strong presumption in favor of keeping FLSA settlement agreements unsealed and available for public view); *Poulin v. Gen. Dynamics Shared Resources, Inc.*, Civ. No. 09-0058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (noting earlier orders finding parties had not identified significant interests to outweigh the public interest in access to judicial records).

> The rationale for this presumption was well stated in another case:
>
> First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement.  Second is the "private-public character" of employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees wages are fair and thus do not endanger 'the national health and well-being.'"

*Hens v. Clientlogic Operating Corp.*, Civ. No. 05-381S, 2010 WL 4340919, at *2 (W.D. N.Y. Oct. 31, 2010) (citations omitted).  As a result, a court should not allow a FLSA settlement agreement to be filed under seal "except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents." *Bouzzi*, 2012 WL 85137, at *3.

The only grounds for sealing the motion for approval of the FLSA settlement agreement in the instant case are stated in the motion:

> 2.  Part of the settlement negotiated by the parties is a confidentiality provision.
> . . .
> 4.  The Defendant is concerned with negative publicity or attention that could follow from having the terms of this settlement made public.

(Mot. Seal 1, ECF No. 15.)

Addressing the latter ground first, the Court concludes it is wholly inadequate to justify sealing the motion for approval of the settlement agreement.  Concerns with "negative publicity

or attention" clearly do not outweigh the strong public interest in access to FLSA settlement agreements. As for the confidentiality provision, it has been included in the settlement agreement without any argument to support its inclusion and, therefore, cannot be regarded as reasonable.

The Court holds that this confidentiality provision in this FLSA settlement agreement contravenes the important purposes of the Act and defeats both public and private efforts to enforce it. *See also Galvez v. Americlean Servs. Corp.*, Civ. No. 11-1351 (JCC/TCB), 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012) (parties cited no interests in maintaining confidentiality sufficient to override FLSA's policy of transparency). Consequently, not only should this FLSA settlement agreement with a confidentiality provision not be approved, but the inclusion of such a provision in the settlement agreement is also not a reason to seal the motion for approval of the agreement.

If the public's right of access is outweighed by competing interests, then a court, in its discretion, may seal documents from public view. In this case, the parties have failed to establish a basis for sealing and the motion will be denied in a separate order. Under the Court's Local Rule 105.11, the parties will be given fourteen days to withdraw the documents. If the documents in ECF No. 15 are not withdrawn within that time period, they will be unsealed. The motion for approval of the agreement will also be denied because of its confidentiality provision. It is otherwise acceptable to the Court.

DATED this 19th day of July, 2012.

                                              BY THE COURT:

                                              /s/
                                              James K. Bredar
                                              United States District Judge